**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 21, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ELIZARDO MOTA-GONZALES,

Defendant - Appellant.

No. 06-2018

(D. New Mexico)

(D.C. No. CR-05-57-RB)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **EBEL**, and **TYMKOVICH**, Circuit Judges.

Elizardo Mota-Gonzales was charged in a three-count indictment in the United States District Court for the District of New Mexico with (1) possession with intent to distribute 50 kilograms or more of marijuana, *see* 21 U.S.C. § 841; (2) conspiracy to distribute 50 kilograms or more of marijuana, *see id*. § 846; and (3) reentry of a removed alien, *see* 8 U.S.C. § 1326(a). A jury convicted him on

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

all three counts, and he was sentenced to 51 months' imprisonment. On appeal he contends that there was insufficient evidence to convict him of the drug crimes. We affirm.

## I.     BACKGROUND

On October 4, 2004, a Ford Windstar minivan in which Mr. Mota-Gonzales was a passenger was stopped at the United States Border Patrol checkpoint near Alamogordo, New Mexico. Border Patrol Agent Claude Claflin asked the driver, Christol Hammonds, whether she was an American citizen, to which she responded affirmatively. When Agent Claflin asked Mr. Mota-Gonzales the same question, he did not respond. Agent Claflin repeated the question, and Mr. Mota-Gonzales replied, "Huh?" Agent Claflin then asked where he was born. Mr. Mota-Gonzales answered that his birthplace was Colorado Springs. In response to further questioning, Ms. Hammonds said that they were traveling to Alamogordo to pick up Mr. Mota-Gonzales's children, and Mr. Mota-Gonzales said that they had borrowed the van.

Agent Claflin referred the van to the secondary inspection area, where his dog alerted to the presence of drugs. A search of the van revealed about 200 pounds of marijuana hidden within the passenger-side door and the speaker box.

Mr. Mota-Gonzales was then interviewed by Border Patrol Agent Ernesto Medina, who informed him that the van was loaded with marijuana. Mr. Mota-Gonzales did not act surprised at this statement but simply nodded his head. He

then stated that he knew that the van was loaded with something, although he did not know what. He also said that the van had been given to him and Ms. Hammonds to attempt to go through the Alamogordo checkpoint, that the two of them would be paid $2,500 upon reaching Alamogordo, and that he planned to drop Ms. Hammonds off in Alamogordo and drive to Oklahoma by himself. He told Agent Medina that he was being escorted by two vehicles (apparently a common technique among drug smugglers).

## II. DISCUSSION

Citing *United States v. McMahon*, 562 F.2d 1192, 1196 (10th Cir. 1977), Mr. Mota-Gonzales contends that the evidence was insufficient for the jury to convict him on the charges of conspiracy and possession of marijuana. He argues that the evidence presented by the government showed only proximity to the illegal activity. We review this claim de novo, "viewing the evidence and the reasonable inferences to be drawn therefrom in the light most favorable to the government," and reversing the conviction "only if no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Toles*, 297 F.3d 959, 968 (10th Cir. 2002) (internal quotation marks omitted).

We are not persuaded. Mr. Mota-Gonzales knew he was carrying some sort of contraband and was being paid handsomely to get it past the Alamogordo checkpoint. His only possible argument is that he did not know what the

contraband was.  But the jury could readily infer that either he knew the contraband was marijuana or that his ignorance of the specific nature of what he was carrying was due to deliberate avoidance of knowledge, which is no excuse, *see United States v. Delreal-Ordones*, 213 F.3d 1263, 1268 (10th Cir. 2000) ("We established nearly forty years ago . . . that one may not willfully and intentionally remain ignorant of a fact, important and material to his conduct, and thereby escape punishment." (internal quotation marks omitted)).  The evidence was more than sufficient to sustain the verdict.

## III.    CONCLUSION

We AFFIRM the judgment of the district court.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge